1
2
3
4
5
6
7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MARK A. GRANT,                          Case No.  2:20-cv-01963-TLN-JDP (PS)

12            Plaintiff,                     ORDER CONSTRUING PLAINTIFF'S
                                             FILING AS A MOTION TO AMEND HIS
13       v.                                  COMPLAINT AND GRANTING THE
                                             MOTION
14  LUIS MARTINEZ, *et al.*,
                                             ECF No. 34
15            Defendants.
                                             ORDER DISMISSING DEFENDANTS'
16                                           MOTION TO DISMISS WITHOUT
                                             PREJUDICE
17
                                             ECF No. 26
18
                                             ORDER DENYING DEFENDANTS'
19                                           MOTION TO STRIKE AS MOOT
20                                           ECF No. 31
21

22          Plaintiff filed a document in response to defendants' motion to dismiss that, among other

23  things, requested leave to amend the operative complaint so that he can supplement allegations

24  relating to his claim under the Federal Tort Claims Act.  ECF No. 34 at 2.  Plaintiff also filed a

25  third amended complaint.  ECF No. 35.  Leave to amend is "freely give[n] when justice so

26  requires."  Fed. R. Civ. P. 15(a)(2).  I am aware of the fact that this case has been pending for

27  almost a year and that further amendment will require further briefing from defendants, who have

28

already prepared two motions to dismiss. *See* Fed. R. Civ. P. 1 (Cases should be administered "to secure the just, speedy, and inexpensive determination of every action."). Rule 15 should not be used as a tactic to delay the court from reaching the merits of defendants' motion to dismiss. However, given the liberal standard under Rule 15 and plaintiff's need to supplement his allegations, I will grant leave to amend. Further leave in this case will be disfavored except to name Doe defendants once their identities are ascertained.

Defendants have filed a motion to dismiss. ECF No. 26. Defendants argue that the complaint does not plead sufficiently detailed or specific factual allegations and is, therefore, defective for failing to articulate a plausible claim and establish jurisdiction. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff has now filed an amended complaint. ECF No. 35. Without expressing any view as to its merits, the court dismisses defendants' motion to dismiss without prejudice. Defendants are directed either to answer the new complaint or to file a new motion as appropriate.

Defendants move to strike plaintiff's unauthorized surreply to their motion to dismiss. ECF No. 31. This matter is now moot.

Accordingly:

1. Plaintiff's filing, ECF No. 34, is construed as a motion for leave to amend his complaint and granted.

2. Defendants' motion to dismiss, ECF No. 26, is dismissed without prejudice.

3. Defendants' motion to strike, ECF No. 31, is denied as moot.

IT IS SO ORDERED.

Dated:    September 1, 2021    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28