UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GRANT,<br><br>    Plaintiff,<br><br>    v.<br><br>LUIS MARTINEZ, *et al.*,<br><br>    Defendants. | Case No.  2:20-cv-01963-TLN-JDP (PS)<br><br>ORDER DISCHARGING MAY 3, 2021 ORDER TO SHOW CAUSE<br><br>ECF No. 27<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>ECF No. 37<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff Mark Grant, proceeding without counsel, alleges that he was driving on Air Base Parkway at Travis Air Force Base ("Travis AFB") when defendant Luis Martinez—operating a vehicle owned by defendant Coffman Specialties, Inc.—abruptly turned left from the right lane and struck his vehicle, shoving it into a concrete barrier and causing physical injury to plaintiff. ECF No. 35 at 7. Plaintiff proceeds on his third amended complaint.[1]  ECF No. 35. Defendants filed the instant motion to dismiss under Rule 12(b)(1), arguing that plaintiff's allegations fail for

---

[1] Defendants previously moved to dismiss plaintiff's second amended complaint. ECF No. 26. After plaintiff failed to timely respond to that motion, I ordered him to show cause why the case should not be dismissed for failure to prosecute. ECF No. 27. Since plaintiff subsequently filed an opposition to defendants' earlier motion, ECF No. 30, I will discharge the May 3, 2021 order to show cause.

1

1  lack of subject matter jurisdiction.  ECF No. 37.  In the alternative, they seek limited discovery to
2  determine whether the court in fact has subject matter jurisdiction.  Defendants also seek to
3  dismiss plaintiff's request for punitive damages under Rule 12(b)(6).

**Legal Standard**

A jurisdictional challenge under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial challenge, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction.  *Id.*  "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint."  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  The court must presume the truth of plaintiff's factual allegations "and draw all reasonable inferences in his favor."  *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009).

In a factual challenge, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  The court does not simply accept the allegations in the complaint as true.  *Id*.  Instead, "when challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof," *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010), and the court makes findings of fact, resolving any material factual disputes by independently evaluating the evidence, *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, plaintiff bears the burden of establishing subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**Discussion**

**A.  Subject Matter Jurisdiction**

Defendants Martinez and Coffman bring a facial attack, arguing that plaintiff's allegations do not establish subject matter jurisdiction.  ECF No. 37-2.  Defendants contend that federal

2

1  question jurisdiction under 28 U.S.C. § 1331 is lacking.[2]  ECF No. 37-2 at 6.  They argue that the complaint's reference to the Federal Tort Claims Act ("FTCA")—the only federal claim—does not confer jurisdiction.  *Id.*

Defendants are correct that plaintiff cannot sue them under the FTCA.[3]  *See F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.").  The allegations in the third amended complaint are, however, sufficient to plead federal enclave jurisdiction.[4]

Congress has the power to legislate exclusively over federal enclaves under Article I, § 8, clause 17, of the United States Constitution, "which grants to the United States 'exclusive legislation' over forts, magazines, arsenals, dockyards and other needful buildings, when lands therefor are acquired with the consent of the legislature of the state of their situs."  *Mater v. Holley*, 200 F.2d 123, 123 (5th Cir. 1952).  "Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'"  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).

Plaintiff alleges that the incident at issue occurred on "Air Base Parkway in Fairfield, California at Travis [AFB]."  ECF No. 35 at 7.  Later, he adds that "'Doe number One' (a federal entity subject to the Tort Claims Act) owned, leased, occupied, or controlled the property known as Travis [AFB]."  *Id*. at 26.  Liberally construing plaintiff's pleadings and drawing all reasonable inferences in his favor, his allegations are sufficient at this stage—in the context of a facial

---

[2] As defendants note, plaintiff has not alleged diversity of citizenship.  *See* ECF No. 35 at 1; 28 U.S.C. § 1332.

[3] To proceed with his FTCA claim, which currently is alleged against a Doe defendant, plaintiff would need to amend the complaint to name a proper defendant and allege compliance with the FTCA's requirements, including its exhaustion requirement and applicable time limitations.  *See United States v. Wong*, 575 U.S. 402, 405 (2015) ("The [FTCA] provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim" (quoting 28 U.S.C. § 2401(b)).).

[4] In light of this finding, it is unnecessary to address the possibility that the court could exercise supplemental jurisdiction over plaintiff's state law claims.  *See* ECF No. 39 at 1; ECF No. 35 at 25-28.

3

challenge to jurisdiction—to plead federal enclave jurisdiction.[5] *See Durham v. Lockheed Martin Corp.*, No. C03-4326 TEH, 2003 WL 25739368, at *2 (N.D. Cal. Dec. 8, 2003) (finding "allegations that [a plaintiff] was exposed to asbestos while working on several U.S. Air Force bases . . . sufficient to put all Defendants on notice that there was a basis for federal enclave jurisdiction"), *rev'd on other grounds*, *Durham*, 445 F.3d at 1250; *see also Andrews v. Pride Industries*, 2:14-CV-02154-KJM, 2015 WL 1014133, at *4 (E.D. Cal. Mar. 6, 2015) (observing that "the land designated officially as Travis [AFB] qualifies for federal enclave status").

In the alternative, defendants request "leave to conduct limited discovery to determine if the accident occurred" within a federal enclave and to "resolve the jurisdiction issue, as a matter of fact." ECF No. 37-2 at 8. "A district court has broad discretion to permit or deny discovery to establish subject matter jurisdiction." *Andrews*, 2015 WL 1014133, at *4 (citing *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)). Discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). Defendants contend that the complaint does not establish the precise location of the accident, and they explain that "some tracts of land at or around Travis may be subject to exclusive federal jurisdiction and some are not." ECF No. 37-2 at 7 (citing *Andrews*, 2015 WL 1014133, at *4-5). Because these facts are controverted and bear on the question of jurisdiction, I will recommend granting defendants' request for limited discovery before proceeding with the merits of the case.[6]

---

[5] Defendants argue that if the court finds jurisdiction under the federal enclave doctrine, "[p]laintiff needs to amend his claims to remove refence [sic] to state law claims," ECF No. 37-2 at 7, but I am unconvinced. *See* 28 U.S.C. § 5001(b) (originally enacted at 16 U.S.C. § 457) ("In a civil action brought to recover on account of an injury sustained . . . ['in a place subject to the exclusive jurisdiction of the United States within a State,' 28 U.S.C. § 5001(a),] the rights of the parties shall be governed by the law of the State in which the place is located."); *see also Mater*, 200 F.2d at 124 (5th Cir. 1952) (holding that a state law cause of action for "personal injuries as a result of negligence . . . remained operative as federal law"), *accord*, *Willis v. Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977); *Kerr v. Delaware N. Companies, Inc.*, 1:16-CV-01797-LJO-SAB, 2017 WL 880409, at *3 (E.D. Cal. Mar. 6, 2017) (explaining that "where a federal enclave is the locus of an alleged personal injury or tort, federal courts have upheld jurisdiction without inquiring into the precise laws under which claims are made").

[6] If these recommendations are adopted, a scheduling conference will be held in due

**B. Punitive Damages**

Defendants move to dismiss plaintiff's request for punitive damages under Rule 12(b)(6). ECF No. 37-2 at 9. They argue that the third amended complaint fails to "allege facts sufficient to show malice, oppression, or fraud," as they argue would be necessary to support plaintiff's "claim for punitive damages against both Martinez and Coffman." *Id.* (citing *Ebaugh v. Rabkin*, 11 Cal. App. 3d 891, 884 (1972)).

However, I conclude that "a Rule 12(b)(6) motion to dismiss is [not] the appropriate vehicle to challenge the sufficiency of a prayer for punitive damages." *Kirchenberg v. Ainsworth, Pet Nutrition, Inc.*, 2:20-CV-00690-KJM-DMC, 2022 WL 172315, at *6 (E.D. Cal. Jan. 19, 2022) (quoting *Shabazz v. Beard*, No. 15-881, 2018 WL 1071173, at *10 (E.D. Cal. Feb. 27, 2018)). Rule 12(b)(6) only permits dismissal for "failure to state a claim upon with relief can be granted," Fed. R. Civ. P. 12(b)(6), and "[w]hether a plaintiff has stated a claim turns not on whether he has asked for the proper remedy but whether he is entitled to any remedy," *City of Los Angeles v. Lyons*, 461 U.S. 95, 131 (1983), *accord Oppenheimer v. Sw. Airlines Co.*, No. 13-260, 2013 WL 3149483, at *4 (S.D. Cal. June 17, 2013) ("[P]unitive damages are but a remedy . . . [they] provide no basis for dismissal under [Rule] 12(b)(6)."). For this reason, I recommend denying defendants' motion to dismiss plaintiff's request for punitive damages.

Accordingly, it is hereby ORDERED that the May 3, 2021 order to show cause, ECF No. 27, is discharged.

Further, it is RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 37, be denied without prejudice; and

2. defendants' request for limited discovery, ECF No. 37-2, be granted.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court.

---

course, at which point the scope of discovery will be addressed.

5

Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: ___August 10, 2022___   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE